B. B. HAUSER v. THOMAS R. HARDING.

(Decided April 3, 1900.)

*Injunction—Sale of Medical Practice—Restraint of Trade— Definite Limits—Duration—Valid Contract—Issue— Judgment Non Obstante Verdicto.*

1. A sale by one physician to another of his medical practice, good will and location, is not a contract void as against public policy, and in restraint of trade, but valid, and will be enforced by injunction, within definite limits.

2. Where no time is mentioned in such contracts they are to endure during the lifetime of the grantor, and the injunction will be perpetual.

3. Where the complaint alleged that the contract included a purchase of the medical practice of the defendant by the plaintiff, and that the plaintiff had performed his part, which allegations are found true by the jury, and the complaint having further alleged that defendant violated the contract by still practicing where he agreed not to, which allegation the answer does not deny, it was unnecessary to submit an issue as to whether the defendant had violated the contract.

4. Whenever any material allegation of a complaint is not controverted by the answer, such allegation is taken as true. Code, sec. 268.

5. A judgment *non obstante veredicto* is only granted in cases where the cause of action is confessed, and the matter relied upon in avoidance is insufficient.

6. The prescribed limits must be definite; where, in terms, they include "the town of Yadkinville, and the territory surrounding," the injunction will be confined to the corporate limits only.

CIVIL ACTION by the plaintiff, Dr. Hauser, to enjoin the defendant, Dr. Harding, from the practice of medicine in the town of Yadkinville, and the territory surrounding, on the alleged ground that the defendant was violating a contract of sale of his practice, good will and location, made with plaintiff, by resuming medical practice within said limits,

tried before *Robinson, J.,* at Fall Term, 1899, of YADKIN Superior Court.

The defendant denied that he contracted to sell his practice, good will and location to plaintiff, and alleged that he had merely sold his house and lot in Yadkinville to plaintiff. He did not deny that he was engaged in medical practice there. A restraining order had been issued, and had been continued to the final hearing.

The issues submitted and found in favor of plaintiff appear in the opinion; so, also, do the various motions submitted after the verdict. There was no exception taken in the course of the trial.

From the judgment rendering the injunction perpetual, the defendant appealed.

*Messrs. Holton & Alexander,* for appellant.
*Mr. E. L. Gaither,* for appellee.

MONTGOMERY, J. The plaintiff alleged in the complaint that he and the defendant on the 6th of April, 1897, entered into a contract in which the defendant agreed to sell to the plaintiff his house and lot—his residence—in Yadkinville, an incorporated town, and his pactice as a physician, good will and location at Yadkinville, and that the plaintiff agreed to buy the same at the price of $1,000; that the defendant was, in the language of the complaint, "to turn over and deliver to the plaintiff, his location, good will and practice, and the territory surrounding Yadkinville," and that the defendant was never to practice as a physician at any time in said territory, with the exception of two patients (named), whom he reserved the right to treat till their recovery; and that the plaintiff was to take charge of said practice and location on April 12, 1897. The 7th allegation of the complaint is as

follows: "That since the 12th day of April, 1897, the defendant has informed this plaintiff that he does not intend to regard said contract and agreement, but that he is going to violate it by practicing as a physician in said location, and that he has violated said contract by practicing as a physician in said location, and is now violating the same, to the irreparable damage of the plaintiff." There was a prayer for injunctive relief against the defendant to prevent his practicing medicine in Yadkinville, and the surrounding territory.

The defendant admitted in his answer that he agreed in writing to sell to the plaintiff his house and lot in Yadkinville, but denied that he agreed to sell his practice, good will and location. He did not deny that he was practicing as a physician in Yadkinville and the surrounding territory after the 12th of April, but averred that he had fulfilled the contract by executing the deed in accordance therewith. Without exception on the part of defendant, two issues were submitted to the jury:

1. Did the defendant agree to sell to the plaintiff his dwelling-house and two lots in Yadkinville, together with his practice, good will and location at Yadkinville, and the vicinity thereof (subject to the exception mentioned in the complaint), for the consideration of $1,000 ?

2. Has plaintiff performed his part of said contract ?

Both issues were answered in the affirmative, and judgment was rendered perpetually enjoining and restraining the defendant from practicing as a physician within the town of Yadkinville, N. C., and the vicinity thereof.

There was not an exception of any kind made in the course of the trial until after the verdict was delivered. The defendant then moved for judgment *non obstante veredicto*. The foundation of this motion, according to defendant's argument, was that an issue ought to have been submitted by his

Honor as to whether or not the defendant had violated his contract. He insisted that the violation by the defendant of the contract was the *gravamen* of the plaintiff's action. With the last proposition we agree, but it clearly appears from the answer that the defendant did not deny the specific allegations of the complaint, in which it was charged that the contract had been violated by the defendant. The plaintiff in the complaint set out the alleged contract, and charged that the defendant had violated it, in that he had practiced medicine, and was continuing to practice after the 12th of April, 1897. The defendant in this answer, it is true, denied that he had violated the contract as he understood it, but he did not deny that he had practiced medicine in and around Yadkinville—in the territory in which the plaintiff alleged that he had agreed not to practice. The defendant averred in his answer that there was no contract except the one for the sale of the house and lot, and that "he has in every respect fulfilled the same by executing the deed in accordance therewith."

So, the jury having found that the contract was as the plaintiff had alleged it to be—for the sale of the house and lot, and the practice, location and good will of the defendant, and that the plaintiff had performed his part of the contract, and the plaintiff having alleged that the defendant violated the contract in that he had practiced, and was still practicing in the territory in which he had agreed not to practice his profession, it was unnecessary to submit an issue as to whether the defendant had violated the contract. Whenever any material allegation of a complaint is not controverted by the answer, such allegation is taken as true. Code, sec. 268. But the motion for judgment, notwithstanding the verdict, was properly overruled. Such a judgment is only granted in cases where the cause of action is confessed and the matter

relied upon in avoidance is insufficient.   Stephen on Plead-
ing, p. 97; *Ward v. Philips,* 89 N. C., 215.

There was an exception entered to the judgment which can
be treated with the motion made here to dismiss the action
because the complaint did not state a cause of action, first,
because the contract was too indefinite, and therefore void;
and second, because it is in restraint of trade, contrary to
public policy and void.   This Court has held that such con-
tracts do not fall under the head of contracts for the restraint
of trade.   *Cowan v. Fairbrother,* 118 N. C., 406; *Kramer v.
Old,* 119 N. C., 1.

It is argued for the defendant that the contract is uncer-
tain both as to the time during which it is to continue, and
as to the territory over which it extends.

As to the uncertainty as to time, this Court has also held
that where no time is mentioned in such contracts they are to
endure during the lifetime of the grantor.   *Kramer v. Old,
supra.*

We are of the opinion, however, that the language of that
part of the contract which undertakes to restrain the defend-
ant from practicing medicine outside the town of Yadkin-
ville is not sufficiently definite to mark and define any certain
territory.   The territory surrounding Yadkinville—the lan-
guage of the contract—is so uncertain as to be incapable of
being marked out or being identified.   Such language does
not in law define a prescribed territory.   We know of no rule
by which the territory could be laid off.   The two Judges
below who heard that part of this case differed as to what was
meant by the words "the territory surrounding Yadkinville."

We have examined with care the cases cited by the plain-
tiff's counsel on this point, and we think they do not sustain
his contention.

The limits of the town of Yadkinville, an incorporated

town, as appears from the record, are to be taken as well-defined, and the contract is not uncertain so far as it restrains the defendant from practicing medicine within its limits.

The judgment must be modified so as that the defendant will be enjoined and restrained during his life from practicing medicine within the corporate limits of the town of Yadkinville.

Modified and affirmed.