Civil action. This controversy arose from the unfortunate burning of the Grainger School building at Grainger Station, in Lenoir County, on or about 20 March, 1923.
Judge O. H. Allen issued the following restraining order:
"This cause coming on to be heard before his Honor, O. H. Allen, one of the judges of the Superior Court, and being heard upon the complaint in the above-entitled action, treated as an affidavit, for the purposes of this order, and it appearing to the court from the said affidavit, and for the purposes of this order, that the board of education, through the members herein named as defendants and who constitute the said Board of Education of Lenoir County, have attempted to divide the children of the Grainger Special-Tax District in Lenoir County, and require some of the said school children of the said district to attend school at Sharon District School and the remainder at Kinston; and it further appearing that the said board has attempted to pass a resolution putting into force their proposed plan of dividing the children of the said district; and it further appearing that the said board has declined to furnish a suitable building in the said Grainger District for the school purposes; and it further appearing that the said board has announced that they would not furnish or permit the patrons of said Grainger District to furnish a building or to perform their part of the contract which has been executed and which provides for adequate teachers for said district; and it further appearing that the teachers have been employed for said Grainger School for the school year of 1923-24: *Page 176 
"It is now, therefore, ordered, adjudged and decreed that the said defendants be and they are hereby ordered to furnish a building suitable for school purposes in the Grainger District at Grainger Station, as near the old building as practicable; that they perform their part of the contract in hiring the necessary teachers for the said Grainger School for the year 1923-24, for a period of at least six months, as the law provides; that the said defendants pay the said teachers so employed, and sign the vouchers for said teachers as is provided by statute in such cases — that is to say, that they are to be paid in such manner as the other teachers of the county are paid; that said defendants are hereby required to provide the necessary funds for the expense of said school as is provided by statute for the ensuing school term; and the said defendants are hereby restrained from in any wise using or permitting any of the funds belonging to the said Grainger District for any other purpose other than to pay the expenses for a school at Grainger Station; and the said defendants are hereby restrained, their agents, successors or any person or persons, firm or corporation or whatever name designated, from in any wise putting into effect the resolution requiring the children of the grammar grade to be sent to Sharon School and the High School, and the High-School children to be sent to Kinston High School or to any other place out of the said Grainger District.
"That said defendants are required to appear before his Honor, O. H. Allen, one of the judges of the Superior Court of the Sixth Judicial District of North Carolina, in Kinston, North Carolina, on 8 August, 1923, at 10 o'clock a. m., and show cause, if any they have, why the said restraining order herein issued should not be continued pending the final adjudication of this matter, or made permanent."
The defendants appeared at the time and place designated in the restraining order, and, after hearing the evidence submitted by the plaintiffs and defendants, Judge Allen gave judgment continuing the restraining order. The judgment is as follows:
"This cause coming on to be heard before the undersigned, and being heard on the return date of the order to show cause why the restraining order heretofore entered in this cause should not be continued, the court finds the following facts, to wit:
"1. That there was a joint election of the two school districts of Grainger and Sharon held 4 June, 1911, at Sharon, and that at such an election a separate account was kept, showing the vote of each district, and the Sharon District was assessed a separate rate of special school tax on the $100 worth from that assessed in the Grainger School District for the year 1923, but that the authorized rate at the election was the same, and thereafter each has assumed to act as a separate district *Page 177 
and had its own school, and the schools in the two territories were carried on and conducted in the same manner as they had theretofore been maintained and conducted — that is, there are, and have at all times been, maintained each in the territory claiming to be a district separate committeemen appointed and recognized by the board of education in the same manner and to the same extent that committeemen in other districts have been appointed and recognized, and there are now two separate and distinct boards of committeemen, one for each school claiming to be a district.
"2. That the board has at all times kept a separate account of the funds of each district, and for 1923 recommended the assessments of different rates of taxes in this district; that the funds have been computed separately in the office of the register of deeds, and the sheriff has collected the taxes and the treasurer has kept separate accounts for each district.
"3. That on 7 May there was a meeting of the committeemen of Sharon and Grainger districts at the office of the county board of education, and action was taken, which is shown from a copy of the minutes of said meeting, together with a copy of the minutes of other meetings on the subject, which is attached to the affidavit of E. E. Sams and is here referred to. The plaintiffs deny that they agreed to any such plan as is stated in the minutes, and offer affidavits to that effect, together with a petition, marked `Exhibit A,' which they say was on file with the board on 24 May.
"4. The action above mentioned taken by the county board was not, and was not intended to be, a final disposition of the matters involved, but was a temporary arrangement, treated as growing out of an emergency, and likewise the proposition of the school committee of Grainger School, claiming to be the school committee of Grainger District, to use a vacant building at Grainger Station, is only meant to be temporary.
"5. That the county board of education and county superintendent in all the action taken in the matters involved in this case has acted honestly and in good faith and according to their views as to what is to the best interests of the children of both districts, and likewise the committee and those claiming to be the committee of the Grainger District, of the citizens who are cooperating with them, acted according to what they think is to the best interest of the children.
"From the foregoing facts the court holds that there has not been a consolidation of the two districts, and that the course proposed by the board of education cannot be taken unless there has been an agreement between the school committeemen of the two districts, approved by the county board, and upon this question as to an agreement there is a conflict and an issue raised which the court is of the opinion will have to be submitted to a jury. *Page 178 
"It is, therefore, ordered that so much of the restraining order heretofore granted as restrains the county board of education from providing for the Sharon School District to take care of the grammar grades from the Grainger School District and for the Kinston High School to take care of the High-School students of the Grainger School District, and providing a truck for the transportation of the said students to the respective places, is continued to the final hearing before the jury. In the meantime this restraining order does not interfere with any plan that may be agreed on hereafter, or with any action that may be taken by the board of education hereafter within its legal rights or as to the provisions for a temporary school building at Grainger.
"By the concluding above, I mean to hold that the board of education can now order a consolidation if they see fit, or a modified form, so as to adopt the conditions to the present situation."
Later, his Honor added the following to his judgment:
"This affidavit (that of E. E. Sams, superintendent public instruction of Lenoir County) was not before me at the time of my decision, but is allowed to be filed after the announcement of my decision or judgment, and the plaintiffs may, if they desire, file answer and make it plain, the court holds that the board has the power to order a consolidation now, or to provide separate schools or consolidation as to the high schools, and maintain temporarily separate schools as to elementary and primary grades in each of the districts."
From the evidence as set forth in the record in this cause, the court below was fully warranted in rendering the judgment continuing the restraining order to the hearing.
In Tise v. Whitaker-Harvey Co., 144 N.C. 510, it is said: "It is a rule with us that in actions of this character, the main purpose of which is to obtain a permanent injunction, if the evidence raises a serious question as to the existence of facts which make for plaintiff's right, and are sufficient to establish it, a preliminary restraining order will be continued to the hearing." Cab Co. v. Creasman, 185 N.C. 556. It is to be noted that the court below found that all the parties to the action have acted honestly and in good faith, according to their respective views as to what was the best interest of the children of the district.
This litigation may seriously hamper the education of the youth. There should be a speedy trial or disposition of this cause.
Judgment affirmed. *Page 179