CAMEL CITY COACH COMPANY v. JOHN GRIFFIN.

(Filed 23 January, 1929.)

**Appeal and Error—Review—Interlocutory, Collateral, and Supplementary Proceedings and Questions—Injunctions.**

Where in an action for permanent injunction a temporary restraining order is issued upon motion of plaintiff, and at the hearing the evidence of plaintiff and defendant is contradictory, and an order continuing the restraining order to final hearing is made without findings of fact by the court or a request therefor by defendant, it is presumed that the court found the facts to be as alleged in the complaint upon the supporting evidence, at least prima facie, and the order of continuance will be affirmed.

APPEAL by defendant from judgment of *Lyon, Emergency Judge,* at September Term, 1928, of FORSYTH. Affirmed.

Action for permanent injunction, perpetually restraining defendant from operating on the State highway between the town of Rural Hall and the city of Winston-Salem an automobile for the transportation of passengers, for compensation, and for other relief.

The action was begun in the county court of Forsyth County. From order continuing a temporary restraining order to the final hearing, defendant appealed to the judge of the Superior Court of said county.

From judgment affirming the order of the county court, defendant appealed to the Supreme Court.

*Ratcliff, Hudson & Ferrell for plaintiff.*
*McMichael & McMichael for defendant.*

CONNOR, J. There has been no final judgment determining the rights of the parties upon the matters involved in the controversy out of which this action arises. Issues of fact arising upon the pleadings have not been tried. A temporary restraining order, in accordance with the motion of plaintiff, supported by affidavits, has been continued to the final hearing by an order of the county court. The action has been heard in this Court upon defendant's appeal from a judgment of the Superior Court, affirming the order of the county court. Defendant excepted to the judgment and assigns same as error.

Plaintiff alleges in its complaint that it has an exclusive franchise issued by the Corporation Commission, under the provisions of chapter 136, Public Laws 1927, to operate a bus on the State highway from Rural Hall to Winston-Salem, for the transportation of passengers, for hire. This allegation is denied by defendant in his answer.

Plaintiff further alleges in its complaint that defendant is engaged in the business of operating an automobile on said highway, between Rural Hall and Winston-Salem, for the transportation of passengers, for hire, without a franchise from the State, and in unlawful competition with plaintiff. This allegation is denied by defendant in his answer.

There was a sharp and serious conflict in the evidence offered by plaintiff and defendant, at the hearing, upon the issues of fact thus raised by the pleadings. No findings of fact were made by the county court or by the judge of the Superior Court, in support of the order of continuance, or of the judgment affirming said order. The record shows no request by defendant that such findings be made and set out in the judgment or in the record. As there was evidence tending to support the allegations of the complaint, there is a presumption that the court found the facts to be as alleged in the complaint, at least prima facie. There was therefore no error in the judgment affirming the order of continuance, or in the said order.

The temporary restraining order was properly continued to the hearing, when and where the issues of fact may be determined. *Cobb v. R. R.,* 172 N. C., 58, 89 S. E., 807. However the facts may be found at the final hearing, there are serious questions of law presented by the record. We refrain from discussing these questions of law until the facts have been found by a jury or otherwise, and until they are duly presented to this Court for decision. For the disposition of this appeal, it is sufficient to say that we find no error in the judgment. It is

Affirmed.