GEORGE C. SCOTT v. E. A. GILLIS, TRADING AS E. A. GILLIS & COMPANY.

(Filed 22 May, 1929.)

1. **Injunctions D b—Upon conflicting evidence continuance of temporary injunction is proper.**

Where the evidence upon the return of a preliminary restraining order raises serious questions as to the existence of facts which make for plaintiff's rights, and sufficient to establish them if found in his favor, and damages may not be ascertained in law, the preliminary order will be continued to the final hearing.

2. **Appeal and Error J c—Where findings of fact do not appear of record they are presumed correct.**

Where the record does not show a request by the defendant for a finding of fact by the trial court upon which he continues a temporary injunction to the final hearing, the presumption is that the court found the facts to be as alleged in the complaint, and his order based thereon will be affirmed.

3. **Appeal and Error J a—Supreme Court may find facts in injunctive proceedings.**

In injunctive proceedings the Supreme Court has the power to find the facts and to review the findings of fact by the trial court.

4. **Appeal and Error J d—Burden of showing error is on appellant.**

The burden is on the appellant to assign and show error on appeal to the Supreme Court.

5. **Contracts A f—Contract in restraint of trade not void if reasonable and does not affect rights of public.**

A contract not to engage in a certain business within a reasonable area for a reasonable length of time, and which does not affect the interests of the public is not void as being a contract in restraint of trade, and is valid and enforceable.

6. **Same—In this case held, contract not void as being in restraint of trade.**

A contract between a certified public accountant and his employee providing that the employee was not to solicit or do business as an accountant for any one of the plaintiff's customers for a period of three years after the termination of the employment, is not one in restraint of trade against public policy, and, in a · suit by the employer to restrain its breach, a continuance of a restraining order against the employee to the final hearing upon proper facts being made to appear in plaintiff's favor, will be upheld on appeal.

7. **Injunctions B c—Breach of contract not to engage in certain business may be enjoined upon proper facts.**

Where it is made to appear that the plaintiff will be damaged by the breach by his former employee of a contract not to solicit or do business of certified public accountant for the customers of his employer within three years after the termination of the employment, a sufficient consideration is shown for the granting of injunctive relief, and the fact that the work was not unique does not affect the question.

APPEAL by defendant from *Stack, J.,* 8 April, 1929, of MECKLENBURG. Affirmed.

The complaint filed by the plaintiff alleges substantially the following facts: That the plaintiff and the defendant are at the present time both engaged in the business of certified public accountants, that on 2 May, 1927, the plaintiff and the defendant entered into an agreement whereby the plaintiff employed the defendant at a salary of $350.00 per month for the first six months, and then for a salary of $375.00

per month; that the defendant promised to perform such duties as should be assigned to him by the plaintiff and promised that he would not, for a period of three years after he left the employ of the plaintiff, solicit or accept any business involving the work generally done by certified public accountants from any person, firm or corporation for whom the defendant performed services while in the employment of the plaintiff; that pursuant to this agreement the defendant remained in the employment of the plaintiff for approximately nineteen months; that the plaintiff paid the defendant the $350.00 per month during the first six months and $375.00 per month after the first six months; that on 1 January, 1929, the defendant voluntarily left the employment of the plaintiff and has since that time started in the business of a certified public accountant for himself and has in violation of his contract solicited and accepted work from persons, firms and corporations for whom he performed services while in the employment of the plaintiff; that the defendant has informed the plaintiff that he intends to so solicit and accept work from any person, firm or corporation that might wish his services. That the plaintiff has no way of ascertaining the amount of damages the defendant is causing him; that the plaintiff is suffering irreparable injury so that the plaintiff has no adequate remedy except to apply to the court for an injunction restraining the defendant from soliciting or accepting, for a period of three years, business generally done by certified public accountants from anyone for whom he performed services while in the employment of the plaintiff.

The matter was heard below on affidavits and the court rendered the following judgment: "In this cause it is ordered and adjudged, that the restraining order heretofore entered in this action be and the same is continued to the hearing as to parties for whom the defendant performed services on an account while in plaintiff's employment and no further."

The defendant excepted and assigned error to the judgment as signed and appealed to the Supreme Court.

*F. G. Pierce, Tillett, Tillett & Kennedy for plaintiff.*
*E. A. Hilker for defendant.*

CLARKSON, J. This is a civil action brought by plaintiff against defendant, for the purpose of securing a restraining order to the hearing, restraining defendant from violating an alleged contract of employment, containing a restrictive clause prohibiting the defendant for a period of three years from soliciting or doing business with any clients of the plaintiff or any person for whom the defendant, during the plaintiff's employment, performed services.

8—197

In *Tise v. Whitaker-Harvey Co.*, 144 N. C., at p. 510-11, the following is stated: "It is the rule with us that in actions of this character, the main purpose of which is to obtain a permanent injunction, if the evidence raises serious question as to the existence of facts which make for plaintiff's right, and sufficient to establish it, that a preliminary restraining order will be continued to the hearing." *Cain v. Rouse*, 186 N. C., 175; *Camel City Coach Co., v. Griffin*, 196 N. C., 559; *Realty Co. v. Barnes, ante*, 6. "Ordinarily, the right to injunctive relief to compel the observance of covenants and restraintive clauses, is recognized in this jurisdiction." *Realty Co. v. Barnes, supra.*

The record shows no request by the defendant for the court below to find the facts. As there was evidence to support plaintiff's contention, there is a presumption that the court below found the facts to be as alleged in the complaint. In injunctive proceedings, this Court has the power to find and review the findings of fact by the court below on appeal, but the burden being on appellant to assign and show error. Where there is a serious conflict over the material questions of fact, the preliminary restraining order will be continued to the hearing.

Plaintiff and defendant are certified public accountants. N. C., Code, 1927, Anno., 7024a-7024n, ch. 116.

The main question involved in this controversy: Did the court commit error in continuing to the final hearing the order restraining the defendant from violating his contract by soliciting and accepting accounting work from persons, firms and corporations for whom the defendant performed services while he was in the employment of the plaintiff? We think not.

"In *Mar-Hof Co. v. Rosenbacker*, 176 N. C., 330, it is said that although at common law agreements in restraint of trade were held void as being against public policy, this position has been modified until it has come to be the generally accepted principle that agreements in partial restraint of trade will be upheld when they are 'founded on valuable consideration, are reasonably necessary to protect the interests of the parties in whose favor they are imposed, and do not unduly prejudice the public interest.'" *Hill v. Davenport*, 195 N. C., at p. 272. In *Faust v. Rohr*, 166 N. C., 187, the law as to contracts in restraint of trade is exhaustively discussed.

In *Baumgarten v. Broadway*, 77 N. C., 8, the defendant was enjoined from engaging in photography in Charlotte for ten years. In *Cowan v. Fairbrother*, 118 N. C., 406, the defendant was enjoined from engaging in the newspaper business in the State of North Carolina for a period of ten years. In *King v. Fountain*, 126 N. C., 196, the defendant was restrained from engaging in the livery stable business for a period of three years in the town of Greenville. In *Anders v. Gardner*, 151 N. C.,

604, the defendant was restrained from engaging in the livery stable business in Gastonia. In *Morehead Sea Food Co. v. B. C. Way,* 169 N. C., 679, the defendant was enjoined from engaging in the business of a fish dealer for a period of ten years within 100 miles of Morehead City. There are numerous other cases in this State to the same effect.

The cases usually cited are where the parties for a consideration purchased a business and the good will, in which they covenanted not to engage in the business—the time limit and territory being reasonable.

In the present case, it was an employee who agreed with the employer, if he left the employer, for three years thereafter not to solicit or accept business from his former employer's clients. By his employment he knew and became associated intimately with his employer's clientele who ordinarily employed his employer. We see no reason why in good conscience a court of equity would not enjoin him from a breach of his contract. Damages would be hard to measure. It can readily be seen how easily he could take business away from his former employer. Ethical business outside of a court of equity would frown on such conduct. There can be no question that there was consideration to support the promise.

The principle is well settled in 6 R. C. L. (Contracts), sec. 206, p. 805, as follows: "At least where the character of the business and the nature of the employment are such that the employer requires such protection, an agreement by an employee not to engage in business in competition with the employer after the termination of the employment, is valid if it is reasonable under the circumstances. As it is lawful and proper to protect a business about to be acquired, from certain acts by the seller, who is familiar with such business, it is equally lawful and proper to protect an established business from such acts by one who has become familiar therewith. If the restrictions are not otherwise contrary to public policy, they must be held to be valid when they appear to be reasonably necessary for the fair protection of the employer's business or rights, and do not unreasonably restrict the rights of the employee, due regard being had to the subject-matter of the contract, and the circumstances and conditions under which it is to be performed. This rule seems to be especially applicable to agreements by assistants to professional men. Such agreements enable an employer to instruct his assistant without fear of afterwards having a rival. Few professional men would take assistants and intrust them with their business, impart to them their knowledge and skill, bring them in contact with their clients and patients, unless they were assured that the knowledge and skill imparted and the friendships and associations formed would not be used, when the services were ended, to appropriate the very business such assistants were employed to maintain and enlarge."

The defendant contends: "The restrictive covenant herein is ancillary to a contract of employment and raises a question heretofore not passed upon by this Court. If the agreement is to be accepted as the basis for the employment and the basis for the restrictive covenant this is not a case in which the services contracted for are unique, extraordinary, unusual or nonduplicated."

In *Sarco Co. of N. J. v. Gulliver,* 129 Atl., at 402, citing numerous authorities, the Court said: "The next point made by the defendant is that defendant's services are not of a kind requiring unique skill and ability. It would seem that counsel is confusing this case with the class of cases where injunction is sought against the violation of a covenant to perform services. There is nothing in the law as to the enforcement of these negative covenants so far as I am aware which makes unique skill or ability a factor in the case. It is simply a question of reasonable protection to the employer (or vendee of a business) against competition by the covenantor who has received consideration for the covenant." The same Court also said, in the same case, citing numerous authorities: "It is entirely settled that negative covenants of the kind in question, ancillary to contracts of sale or of employment are valid and enforceable, if reasonable in their terms."

In *Grainger v. Craven,* 159 Minn., 296, 199 N. W., 10, in which the Supreme Court of Minnesota enjoined a young surgeon and former employee of the plaintiff from engaging in the practice of medicine and surgery or any of the branches thereof, either directly or indirectly, in the city of Rochester, or within twenty miles thereof, for three years after leaving the plaintiff's employ, it is said: "Courts scrutinize carefully all contracts limiting a man's natural right to follow any trade or profession anywhere he pleases and in any lawful manner. But it is just as important to protect the enjoyment of an establishment in trade or profession, which its possessor has built up by his own honest application to every-day duty and the faithful performance of the tasks which every day imposes upon the ordinary man. What one creates by his own labor is his. Public policy does not intend that another than the producer shall reap the fruits of labor. Rather it gives to him who labors the right by every legitimate means to protect the fruits of his labor and secure the enjoyment of them to himself. Freedom to contract must not be unreasonably abridged. Neither must the right to protect by reasonable restrictions that which a man by industry, skill and good judgment has built up, be denied." The judgment of the court below is

Affirmed.