### R. S. BEAM v. H. M. RUTLEDGE.

(Filed 8 June, 1940.)

**1. Appeal and Error § 37c—**

Upon appeal from judgment continuing a temporary order to the final hearing, it will be presumed that the court found facts sufficient to support the judgment in the absence of a request for findings or challenge to any facts found.

**2. Injunctions § 8: Contracts § 7a—**

A stipulation of a partnership agreement between professional men that upon dissolution of the partnership the junior member would not practice the profession within the same town or within one hundred miles thereof for a period of five years *is held* reasonable and enforceable.

**3. Same—**

The test to determine the validity of a covenant prohibiting a person from engaging in a similar business or practicing his profession in a specified area is the existence of legitimate interests of the covenantee which are sought to be protected by the covenant, and whether the restrictions in regard to time and territory are reasonably necessary to afford fair protection for that interest and are not injurious to the interest of the public.

**4. Contracts § 1—**

The freedom to contract will not be lightly abridged, and public policy favors the enforcement of contracts intended to protect legitimate interest.

**5. Injunctions § 8: Contracts § 7a—**

　　A covenant in a partnership agreement between professional men that upon dissolution of the partnership the junior partner should not practice the profession within a restricted area for a specified time stands upon a different footing from like agreements between employer and employee, since a professional man is deemed capable of guarding his own interest and is not under like compulsion in making the agreement, but the line of demarcation between freedom to contract on one hand and public policy on the other must be determined upon the circumstances of each particular case.

SEAWELL, J., dissents.

CLARKSON, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Stevens, J.,* in Chambers at Fayetteville, 13 March, 1940.　From ROBESON.

Civil action to enjoin the defendant from engaging in the practice of medicine in restricted territory for limited time in violation of agreement with the plaintiff.

The plaintiff is a physician—ear, eye, nose and throat specialist—and has practiced his profession for more than twenty-five years in Robeson County, this State.　He has a large and lucrative practice, well established and covers a wide territory.　On or about the first of May, 1938, the defendant came to Lumberton and was employed as an assistant in the office of the plaintiff at a salary of $75.00 a week, with the understanding that if the employment proved unsatisfactory, the defendant "was not to practice medicine in Lumberton, or within 100 miles thereof, for a period of five years after the employment ceased."　About a year later, plaintiff and defendant, at the solicitation of the latter, formed a partnership for the practice of their profession under an agreement containing provision for division of profits, etc., with stipulation that either might dissolve the partnership on ninety days' written notice.　The firm name and style was to be "Beam and Rutledge."

The following clause in the partnership agreement is the one here in controversy: "In the event of a dissolution of the copartnership herein created, it is agreed by Dr. H. M. Rutledge, one of the partners, that he will not engage in the practice of the profession of medicine in the town of Lumberton, Robeson County, North Carolina, or within 100 miles of said town of Lumberton, Robeson County, North Carolina, for a period of five years from the date of said dissolution."

It is admitted that upon written notice the partnership was dissolved on 23 January, 1940, and that, thereafter, in disregard of the above covenant, the defendant opened an office in the town of Lumberton for the practice of medicine, limited to the diseases of the ear, eye, nose and throat.　Both plaintiff and defendant had limited their practice to this field of medicine.

This action was brought to enforce compliance with the terms of the partnership agreement.

Order to show cause was duly issued, and upon return thereof, the defendant was restrained from engaging in the practice of medicine in the town of Lumberton, or within 100 miles thereof, until the final hearing of the cause on its merits.

From the signing of this order, the defendant appeals.

*McLean & Stacy, L. J. Huntley, and Varser, McIntyre & Henry for plaintiff, appellee.*

*McKinnon, Nance & Seawell for defendant, appellant.*

STACY, C. J. The case, as presently presented, turns on the validity of the defendant's agreement not to engage in the practice of medicine in the town of Lumberton, or within 100 miles thereof, for a period of five years following the dissolution of the partnership between himself and the plaintiff.

There being no request to find the facts, and no challenge to any fact found, it will be presumed that the court found sufficient facts to support the judgment. *Wood v. Woodbury & Pace, ante,* 356; *McCune v. Mfg. Co., ante,* 351. The case then comes to the single question whether the restrictive covenant in the partnership agreement is valid and enforceable under the law of this State. It would seem that an affirmative answer was adumbrated in the cases of *Scott v. Gillis,* 197 N. C., 223, 148 S. E., 315, and *Hauser v. Harding,* 126 N. C., 295, 35 S. E., 586.

In *Teague v. Schaub,* 133 N. C., 458, 45 S. E., 762, a restrictive covenant in a contract between physicians was not upheld because of its indefiniteness. Even so, two members of the Court thought otherwise and expressed their views in a strong dissent. Here, there is no doubt as to the meaning of the stipulation. It is clear and unambiguous.

Speaking to a similar situation in *Butler v. Burleson,* 16 Vt., 176, it was said: "This contract is not forbidden by any principle of policy or law. Dr. Burleson can be as useful to the public at any other town as at Berkshire, and the lives and health of persons in other villages are as important as they are there. Community are, therefore, not injured by any stipulation of this kind between two practicing and eminent physicians."

The application of two principles are here involved: freedom to contract and public policy. The plaintiff invokes the one; the defendant the other.

The parties evidently thought the plaintiff had a legitimate interest to protect when the agreement was signed. They so stipulated. And he did. The existence of such an interest is the first thing to look for in

passing upon the validity of a restrictive covenant. Its presence is essential to make it enforceable in equity. *Williams v. Thomson,* 143 Minn., 454, 174 N. W., 307. This right of the parties to say upon what terms and conditions they are willing to form a partnership, or to enter into a contract of the character here disclosed, is not to be lightly abridged. Indeed, it is no small part of the liberty of the citizen. *Adkins v. Children's Hospital,* 261 U. S., 525. "Freedom to contract must not be unreasonably abridged. Neither must the right to protect by reasonable restrictions that which a man by industry, skill and good judgment has built up, be denied." *Eureka Laundry Co. v. Long,* 146 Wis., 205, 131 N. W., 412, 35 L. R. A. (N. S.), 119.

Public policy is concerned with both sides of the question. It favors the enforcement of contracts intended to protect legitimate interests and frowns upon unreasonable restrictions. *Granger v. Craven,* 159 Minn., 296, 199 N. W., 10, 52 A. L. R., 1356. It is as much a matter of public concern to see that valid contracts are observed as it is to frustrate oppressive ones. Both functions belong to the courts.

The test to be applied in determining the reasonableness of a restrictive covenant is to consider whether the restraint affords only a fair protection to the interest of ·the party in whose favor it is given, and is not so broad as to interfere with the rights of the public. *Horner v. Graves,* 7 Bing., 735, 131 Eng. Rep., 284; *Mandeville v. Harman,* 42 N. J. Eq., 185; *Rakestraw v. Lanier,* 104 Ga., 188, 69 Am. St. Rep., 154; *Faust v. Rohr,* 166 N. C., 187, 81 S. E., 1096. The question is one of reasonableness—reasonableness in reference to the interests of the parties concerned and reasonableness in reference to the interests of the public. *Milwaukee Linen Supply Co. v. Ring,* 210 Wis., 467, 246 N. W., 567. Such a covenant is not unlawful if the restriction is no more than necessary to afford fair protection to the covenantee and is not injurious to the interests of the public. *Granger v. Craven, supra.*

The parties themselves, when the instant contract was made, regarded the restriction as reasonable. They were dealing with a situation of which both were familiar. The defendant insisted on having the contract signed and did not object to the restrictive covenant. It is limited both as to time and place. We cannot say that the restraint put upon the defendant by his contract is unreasonable as presently applied. *Hauser v. Harding, supra;* Note, 59 Am. Dec., 686, at p. 691.

It is not to be overlooked that cases arising out of the conventional relation of master and servant, or employer and employee, are not wholly applicable to a situation like the present. *Comfort Spring Corp. v. Burroughs, ante,* 658. The attendant circumstances are different. A workman "who has nothing but his labor to sell and is in urgent need of selling that" may readily accede to an unreasonable restriction at the time of his

22—217

employment without taking proper thought of the morrow, but a professional man who is the product of modern university or college education is supposed to have in his training an asset which should enable him adequately to guard his own interest, especially when dealing with an associate on equal terms.

The line of demarcation, therefore, between freedom to contract on the one hand and public policy on the other must be left to the circumstances of the individual case. Just where this line shall be in any given situation is to be determined by the rule of reason. Of necessity, no arbitrary standard can be established in advance for the settlement of all cases.

Looking at the matter in retrospect, the defendant may now regard the stipulation as unwise. Undoubtedly he does. Nevertheless, unless it contravene public right or the public welfare, he is bound by it. *B. & O. Ry. v. Voight,* 176 U. S., 498. Freedom to contract involves risks as well as rights.

There was no error in continuing the restraining order to the hearing. Affirmed.

SEAWELL, J., dissents.

CLARKSON, J., took no part in the consideration or decision of this case.