**Benjamin F. BRADFORD, Appellant,**

v.

**Charles B. BILLINGTON, Appellee.**

Court of Appeals of Kentucky.

Feb. 22, 1957.

Waller, Threlkeld, Whitlow & Byrd, T. W. Threlkeld, Paducah, for appellant.

Wheeler & Marshall, Thomas J. Marshall, Jr., Earle T. Shoup, Paducah, for appellee.

CAMMACK, Judge.

The appellee, Dr. Charles B. Billington, is a physician residing in Paducah. On July 1, 1954, he entered into a partnership agreement with Dr. Benjamin F. Bradford, the appellant. At that time Dr. Bradford was a resident of New Orleans. Pursuant to the agreement, Dr. Bradford moved to Paducah. Dr. Billington transferred an interest in his office and medical equipment to Dr. Bradford, as well as a share in the accounts receivable at the time the partnership was formed. Fees collected by the partnership were to be divided between the partners according to a scale set forth in the contract. On February 25, 1956, Dr. Billington notified Dr. Bradford that he desired to dissolve the partnership in accordance with Paragraph X(d) of the contract, which provided for such action by either party after 120 days' notice. Within that period Dr. Bradford moved out of the partnership office, and since that time has practiced medicine in Paducah at a different location.

This action was instituted by Dr. Billington to obtain a declaratory judgment construing the contract, and, in particular, Paragraph X(b) which follows:

"In the event of the termination of the partnership, for any cause, Bradford shall not practice medicine directly or indirectly, in any manner, for himself or any person, firm, or corporation in Paducah or McCracken County, Kentucky, for a period of six (6) years from the date of this agreement."

There appearing to be no material issue of fact involved, Dr. Billington filed a motion for summary judgment under CR 56. Dr. Bradford offered to file an amended answer, but permission was refused by the trial judge. No affidavits or depositions were filed by either party. Judgment was entered in favor of Dr. Billington, and this appeal followed.

Dr. Bradford's proposed amendment to his answer was designed to show that Dr. Billington's attorney had drawn the agreement. It asserted that any ambiguity should therefore be construed against Dr. Billington. It is now argued that the trial judge's refusal to accept the amendment constitutes prejudicial error. A party may amend his pleading after motion for summary judgment has been made only by leave of the court or by the written consent of the adverse party. CR 15.01. While liberality in granting leave to amend is desirable, the application is addressed to the sound discretion of the trial judge. Where, as in this instance, abuse of discretion is not shown clearly, the action of the trial judge will not be disturbed. Clay, CR 15.01(3); Leggett v. Montgomery Ward & Co., 10 Cir., 1949, 178 F.2d 436.

The issue to be decided is the validity of the restraining clause, Paragraph X(b), of the partnership agreement. The trial judge's interpretation of the clause is assailed on three grounds; namely, (1) the restraint was not to be effective unless Dr. Billington terminated the partnership for a justifiable or legal cause; (2) the contract was void for want of mutuality; and (3) contracts in restraint of future employment are against public policy.

Dr. Billington did not allege any cause for his termination of the partnership. The contract provided simply that either partner might dissolve the partnership by giving four months' notice to the other. While agreeing that either partner

could end the partnership without giving justifiable grounds for so doing, Dr. Bradford insists that his promise not to practice in McCracken County for six years was not to be operative unless a "cause" were shown for Dr. Billington's action. The phrase, "for any cause," cannot be construed in isolation; the contract as a whole must be considered. Non-technical words generally are to be understood in their ordinary and popular sense, unless the intent of the parties to use them otherwise is shown clearly from the context. Spring Garden Insurance Company v. Imperial Tobacco Company, 132 Ky. 7, 116 S.W. 234, 20 L.R.A., N.S., 277. Under other sections of Paragraph X of the contract, which contained also the words, "for any cause," Dr. Bradford received his share of the partnership assets. Only in Paragraph X(b) does he seek to give "for any cause" a technical meaning. We agree with the trial judge that in context the words, "for any cause," mean "without regard to cause," and that the parties so understood when the agreement was made. See Bohrnstedt v. Travelers' Insurance Company, 123 Or. 539, 259 P. 419, 262 P. 938.

■■■■ The agreement is attacked further on the ground that it is lacking in mutuality. It is true that Dr. Billington was not obligated to refrain from dissolving the partnership, but neither was Dr. Bradford. Either party could cause a termination upon giving the required notice. Even taking Paragraph X(b) in isolation, an option to terminate on a stated notice does not render a contract, otherwise valid, void for want of mutuality. Meurer Steel Barrel Company v. Martin, 3 Cir., 1924, 1 F.2d 687. Furthermore, the requirement of mutuality of obligation in bilateral contracts comes into play only where a promise of one party is the *sole* consideration for the promise of the other. Where there is consideration other than a promise, mutuality of obligation is not required. See Northwestern Oil & Gas Co. v. Branine, 71 Okl. 107, 175 P. 533, 3 A.L.R. 344, and Annotations thereto. The immediate transfer of office and medical equipment to Dr. Bradford was sufficient consideration to support his promise not to compete with Dr. Billington in McCracken County.

■■■■ While bearing some semblance to contracts involving the sale of a business, on the one hand, and contracts of employment on the other, agreements between professional men are not governed strictly by rules applicable to either. See Proctor v. Hansel, 205 Iowa 542, 218 N.W. 255, 58 A.L.R. 153. The agreement involved in this instance is of the nature of a joint enterprise. There is no question here of an employer exacting an unconscionable bargain from an employee, dependent upon selling his services for a livelihood. See Calhoun v. Everman, Ky., 242 S.W.2d 100. Instead, an agreement was made between two intelligent men; both highly trained in their profession; and both with interests to protect. Dr. Billington was an older man, well-established in his own community, with an equipped office of his own. Dr. Bradford, with no previous residence in Paducah, was taken into Dr. Billington's office where he would in time become acquainted with his partner's patients, and presumably minister to some of them. It was only natural that Dr. Billington wished, in the event the partnership was terminated to retain the patients he had spent years in serving. To permit Dr. Bradford to set up a competing office in the same city, in direct derogation of the terms of the agreement, would be unconscionable unless the restraint was so unreasonable as to contravene public policy. It must be noted that the limitation was to McCracken County only, and for a period of only six years. We cannot say that the restraint, considering not only public interest but also the interests of the parties, was void. Johnson v. Stumbo, 277 Ky. 301, 126 S.W. 2d 165; Beam v. Rutledge, 217 N.C. 670, 9 S.E.2d 476; and Proctor v. Hansel, 205 Iowa 542, 218 N.W. 255, 58 A.L.R. 153.

Judgment affirmed.