HENRY BAUMGARTEN v. J S. BROADAWAY.

*Injunction—Preponderance of Proof—Sale of Good-will.*

1. Where, in an action for injunction, the plaintiff alleged that he had purchased the business and good-will of the defendant and that defendant had agreed, as part of the consideration, not to engage in the same business for a specified time, but subsequently did so, and defendant denied that his promise not to engage in the business constituted a part of the consideration, and plaintiff sustained his allegation by the affidavit of a witness ; *Held*, That upon the preponderance of proof in plaintiff's favor, the injunction was properly continued until the hearing

2. Such a contract is not obnoxious to the rule forbidding contracts in restraint of trade.

MOTION for an Injunction heard at Spring Term, 1877, of MECKLENBURG Superior Court, before *Cloud, J.*

On the 19th of July, 1872, the plaintiff bought of the defendant a photographic gallery and fixtures, and an unexpired lease on certain rooms in the City of Charlotte, and the custom and good will of the defendant in his business of photography, for the sum of $1500. The contract was in writing, and as a part of the consideration of the purchase, it was agreed that the defendant would not open another gallery or work in the capacity of photographer in Charlotte, for a period of ten years from said date.

It was alleged that the defendant in violation of said contract had rented rooms in said City, and caused the same to be fitted up with the necessary appliances for a photographic gallery, and that he notified the plaintiff of his intention to open a gallery, and that he had actually opened the same and commenced work as a photographer.

The defendant admitted the sale and payment of said sum to him, but denied that the good will entered into or formed any part of the consideration of said purchase. He alleged that he signed the contract after the sale and payment of the money, and that the statements contained in the contract

did not constitute an inducement to the bargain, and that the property sold to plaintiff aside from other considerations was worth the purchase money according to its market value. The establishment of a gallery for the purpose of operating as a photographer was also admitted by the defendant, but he denied that in so doing, any valid contract between him and the plaintiff had been violated.

The affidavit of Isaiah Simpson, the subscribing witness to the agreement between the parties, substantially corroborates that of the plaintiff, viz: that the sale and the contract were parts of the same transaction, and that the inducement which prompted the plaintiff to buy the gallery, good will, &c. was to prevent the defendant from opening another gallery or working in said city as a photographer.

Upon the hearing of the case, His Honor allowed the motion and ordered that an injunction issue, restraining the defendant, his agents, servants or employees from opening or carrying on a photographic gallery in Charlotte, &c., as prayed for by the plaintiff, and the defendant appealed.

*Mr. J. W. Hinsdale,* for plaintiff.
*Messrs. Shipp & Bailey,* for defendant.

FAIRCLOTH, J. The plaintiff alleges that the consideration for his money was defendant's apparatus, his good will, and his agreement not to engage in photography in Charlotte for the next ten years. The defendant denies the latter part and says, that his written promise not to engage in said business in ten years, dated July 19th, 1872, was made after the sale of the apparatus was completed and was without consideration. The subscribing witness to said written promise, one Simpson, in his affidavit sustains the plaintiff's allegation, that the agreement not to engage in the same business again in ten years in that place, was a part of the consideration for which the plaintiff paid his money. If

this be true, it is immaterial whether the papers were signed and delivered at the same time or not, or whether they were delivered at the time the money was paid. If done separately and at different times they constitute one contract, if so intended by the parties, which is a question for a jury. We think upon this preponderance of testimony the injunction was properly continued until the hearing. There is nothing in the contract according to the affidavits of either party, obnoxious to the rule forbidding contracts in restraint of trade. Benjamin on Sales, 419.

No error.

PER CURIAM.                    Judgment affirmed.