J. F. KING v. L. E. FOUNTAIN.

(Decided March 20, 1900.)

*Livery Business—Sale—Stipulating in Restraint of Trade —Public Policy—Reasonable Restraint.*

1. The general rule is, that contracts in restraint of trade and the like are void, as contrary to public policy.

2. The rule has been modified to protect the business of the covenantee, when it can be done without detriment to the public interest; if the restraint is greater in time and space than is required for his protection, the agreement is unreasonable and void.

3. A restriction relating to the operating of the livery business, which in terms is confined to a single county town, and to a period of three years, and applies to one individual only, is not unreasonable.

CIVIL ACTION for damages for breach of covenant not to operate a livery business in Greenville, N. C., for three years, and for an injunction, heard before *Bowman, J.,* at Chambers in PITT County, January 19, 1900, upon notice and affidavits for a continuance of restraining order heretofore granted in the cause.

The plaintiff for the consideration of $1,100 had bought out the horses, vehicles and livery business of the defendant

at Greenville, N. C., on October 26, 1899. The articles of agreement, under seal, contained the stipulation: "The said L. E. Fountain further agrees that he will not run or operate any other livery business in the town of Greenville, North Carolina, for the period of three years from the date hereof." The complaint is that the defendant, after receiving his pay, has violated his agreement, by starting up and running a competing business in the livery line in said town of Greenville, and threatents to continue the same.

The defense is that the livery business complained of belonged to defendant's wife, and that he was operating it for her; and further, that the stipulation was against public policy, and in restraint of a business in which the travelling public is vitally interested, and therefore void.

His Honor upon the hearing refused to grant the injunction, and vacated the restraining order heretofore granted.

The plaintiff excepted, and appealed.

*Messrs. Fleming & Moore,* for appellant.
*Messrs. Jarvis & Blow,* for appellee.

FAIRCLOTH, C. J. On October 26, 1899, the defendant was engaged in the livery business at Greenville, N. C., and on that day, for a valuable consideration, sold to the plaintiff his teams, vehicles, etc., and agreed that he would not run or operate any other livery business in the town of Greenville for the period of three years from that date.

Soon thereafter the wife of the defendant opened and engaged in the livery business in said town, and employed the defendant, her husband, to superintend the business, which he is now operating and conducting in said town. On the hearing of a restraining order, the injunction was dissolved, and the plaintiff appealed.

The general rule was, and still is, that contracts in restraint of trade and the like are void, on the ground that they are against public policy, similar to contracts illegal *and contra mores*.    Clark on Contracts, 451—457.

This rule has been modified in order to protect the business of the covenantee or promisee, when it can be done without detriment to the public interest.    The reasonableness of such restraint depends in each case on all the circumstances. If it be greater than is required for the protection of the promisee, the agreement is unreasonable and void.    If it is a reasonable limit in time and space, the current of decisions is that the agreement is reasonable, and will be upheld.

In the present case, the restriction is confined in terms to a single county town, and to a period of three years.    This seems to this Court not unreasonable.    The restriction applies to one individual only, and it is quite probable that, if the demands of that place require more extensive livery business, some other enterprising citizen will supply the demand, especially if it be profitable.    The defendant has received his consideration, and. good faith requires him to perform his agreement.    A husband may be his wife's agent, but it requires but little scrutiny to look through these facts and discover who controls the business and enjoys the profits.

The whole ground of this contention was disposed of in *Baker v. Cordon*, 86 N. C., 116.    There, the defendant sold his stock of drugs, medicines, etc., to the plaintiff, agreeing not to carry on said business in the town of Tarboro, whilst the plaintiff was engaged in it.    In a few months he, the defendant, bought other drugs, etc., and sold them to two other parties, and promptly engaged in selling them as the manager and superintendent of his vendees.    It was held that his contract with the plaintiff was valid, and that en-

gaging in the business as above stated was a breach thereof. That seems to be decisive of the present case.

The defendant referred to 5 Am. and Eng. Enc., (2d Ed.), 480, to show, as we understand him, that a livery man is a common carrier. The author there has under consideration the distinction between the liability of carriers to passengers and his liability for failing to carry goods, holding that the former depends upon negligence, and the latter upon contract of bailment, being liable in the latter case for all injuries not caused by the act of God or the public enemy. The same distinction is pointed out in *Boyer v. Anderson*, 2 Pet., (U. S.), 155. We are unable to make any application of that doctrine to the present case, which is simply for a breach of a contract in the sale of personal property.

Reversed.