## DISOSWAY v. EDWARDS.

(Filed February 23, 1904).

1. BONDS—*Penalty—Contracts—Damages.*

> Where a bond is given conditioned upon an agreement not to engage in a certain business, such sum should be treated as a penalty, and only actual damages can be recovered.

2. BONDS—*Penalty—Judgments—Pleadings—Damages.*

> In an action on a bond conditioned for the performance of an agreement not to engage in a certain business, it is error to enter judgment for the penalty of the bond, there being no allegation or proof as to the amount of damages.

ACTION by Mark Disosway against A. M. Edwards, heard by *Judge Fred. Moore* at November Term, 1903, of the Superior Court of CRAVEN County.

This is an action upon a bond executed by the defendant in the following words: "Know all men by these presents that I, A. M. Edwards, of Craven County, N. C., acknowledge myself indebted to Mark Disosway in the sum of one thousand dollars. The condition of this bond is such that if the said A. M. Edwards shall at any time, within the next twenty years from date hereof, engage in the sale of spirituous liquors, either directly or indirectly, within the limits of the city of New Bern, N. C., then this bond to be in full force and effect, and the said Mark Disosway, his heirs or assigns, in that case, is fully authorized hereby to at once take steps for the enforcement of this obligation, otherwise this bond to become null and void. A. M. Edwards, (Seal). Witness, R. B. Nixon."

The complaint alleges a breach in the bond, inasmuch as the defendant continues to engage in the sale of spirituous liquors in said city of New Bern, and further alleges in sepa-

rate paragraphs that he is thereby "endamaged to the amount of one thousand dollars," and that "the defendant is *indebted* to him in the sum of one thousand dollars."

The defendant demurred upon the following grounds: 1. That the bond set out in the fourth paragraph of the complaint is in restraint of trade, tending to create a monopoly, contrary to public policy, null and void.

2. For that in any event such a bond could only be good to the extent of securing actual damage sustained, and the complaint does not set forth any fact from which the Court can see that the plaintiff has sustained any damage whatever."

Whereupon, judgment was rendered as follows: " This cause coming on to be heard upon the complaint of plaintiff and demurrer thereto filed by the defendant, and upon argument of counsel said demurrer being overruled and the defendant allowed to answer over, but, declining to answer, excepts to the order of the Court overruling said demurrer and appeals to the Supreme Court; it is thereupon ordered and adjudged that the plaintiff recover of the defendant the sum of one thousand dollars, upon the verified complaint of the plaintiff, no answer being filed by the defendant, with interest until paid, and the costs of action."

*O. H. Guion,* for the plaintiff.
*W. D. McIver,* for the defendant.

DOUGLAS, J., after stating the case. We think the demurrer was properly overruled on both grounds, but that there is error in the judgment in allowing the full amount of the bond in the absence of sufficient allegations in the complaint to enable the Court to hold as matter of law that the penalty of the bond is in the nature of stipulated or liquidated damages.

The plaintiff alleges that he is *endamaged* in the sum of

one thousand dollars, and while this is not such a specific allegation of fact as is deemed admitted by demurrer, yet it is sufficient to entitle him to an inquiry as to his actual damages in view of the admission of his cause of action. It is not stated in the bond that it is intended to cover stipulated or liquidated damages, and while such an inference might be drawn from some of the attending circumstances, it is not sufficiently strong to overcome the general rule of interpretation. As the primary object of the allowance of damages is to recompense the plaintiff for the actual loss sustained. from the injury, that is, to make him whole, courts are always inclined to construe a bond as penal in its nature, unless such a construction would tend to defeat its essential object. This is true even when it is expressly stated that the amount of the bond 's intended as stipulated damages. There are cases where the full amount so stipulated is allowed, as, for instance, where it is extremely difficult or practically impossible to ascertain the actual damage; but even then we think that, to entitle the plaintiff to more than nominal damages, sufficient facts should appear, either by proof or admitted allegations, that some actual loss has been sustained, and that the amount of the bond is not unreasonable. These questions are fully discussed by this Court in *Lindsay v. Anesley,* 28 N. C., 186; *Thoroughgood v. Walker,* 47 N. C., 15; *Burrage v. Crump,* 48 N. C., 330; *Wheedon v. Trust Co.,* 128 N. C., 69.

The general rule is thus stated by *Chief Justice Marshall* in *Tayloe v. Sandiford,* 7 Wheat., 13, 17: "In general, a sum of money in gross to be paid for the performance of an agreement is considered as a penalty, the legal operation of which is to cover the damages which the party in whose favor the stipulation is made may have sustained from the breach of contract by the opposite party. It will not of course be considered as liquidated damages, and it will be incumbent on

the party who claims them as such to show that they were so considered by the contracting parties." This principle is further discussed in 4 Am. & Eng. Enc., 699; 19 *Ibid.,* 397, 402; 5 Cyc., 848.

We are not inadvertent to the line of decisions distinguishing between ordinary contracts and those stipulating against carrying on a trade or business; but while in such cases the courts are more inclined to allow liquidated damages, yet in *all* cases the clear intention of the parties and the reasonableness of the amount must affirmatively appear to withdraw the case from the operation of the general rule.

We are deciding the case as it is presented to us; but upon a trial on the merits it may be made to appear that liquidated damages were reasonably intended. We would suggest that both the plaintiff and the defendant be allowed to amend their pleadings so as fully to present the question at issue.

The defendant strenuously contends that the contract is against public policy as being in restraint of trade. We are not prepared to say that the contract is so unreasonable as to be void under our line of decisions, and we are not disposed to extend the rule in favor of the multiplication of saloons. The following cases from our own Reports may be taken as exemplifications of the general rule: *Baker v. Cordon,* 86 N. C., 116, 41 Am. Rep., 448; *Cowen v. Fairbrother,* 118 N. C., 406, 32 L. R. A., 829, 54 Am. St. Rep., 733; *Kramer v. Old,* 119 N. C., 1, 56 Am. St. Rep., 650, 34 L. R. A., 389; *King v. Fountain,* 126 N. C., 196; *Hauser v. Harding,* 126 N. C., 295; *Jolly v. Brady,* 127 N. C., 142. We think that this is a case which must be finally determined upon all the facts as they may be made to appear upon the trial of the issues.

Error.