A. S. ANDERS et al. v. B. B. GARDNER.

(Filed 8 January, 1910.)

1. Contracts — Restraint of Trade, Reasonable — Consideration, Assignment of.

For and in consideration of the purchase of certain certificates of stock at a certain price, the vendor agreed not to enter or become employed in the same town in a certain business in which he was skilled, and which was carried on by the corporation. *Held,* the agreement is supported by a sufficient consideration, is a reasonable restraint of trade, and valid; and is assignable, especially when the corporation is the assignee, and the contract in restraint was also made for its benefit.

2. Contracts — Restraint of Trade, Reasonable — Injunction — Damages.

When it appears by affidavits, or otherwise, that one who has entered into a valid contract in restraint of his trade or business is acting in violation of it, upon proper application of the other party in interest, a restraining order should be continued to the hearing, especially when it appears that resulting damages would be difficult to measure.

APPEAL by plaintiffs from *Webb., J.,* upon his rendering judgment dissolving plaintiff's restraining order in an action brought in GASTON County. The judgment was rendered at chambers, at Concord, 31 August, 1909.

The facts are stated in the opinion of the Court.

*A. G. Mangum, Jones & Timberlake* and *Burwell & Cansler* for plaintiffs.

*Tillett & Guthrie* and *O. F. Mason* for defendant.

CLARK, C. J. The defendant owned one-third interest, ten shares (at par value, $1,000), in the Gastonia Livery Company. He sold these for $1,700 to M. G. Anders, one of the plaintiffs, with a contract, in writing, that the defendant would never engage again in the livery business within the corporate limits of · the town of Gastonia nor work as an employee in such business therein, unless with the said company. The defendant was specially skilled in said business, and competition was sharp in the livery business. Such contract was deemed valuable by the parties, or it would not have been made. The defendant became an employee of the Gastonia Livery Company, but, that relation being severed, he took service in said town with the opposition livery stables, and the plaintiffs, who are said Mac G. Anders (who now holds only one share of the stock) and the holders of the balance of the stock of the Gastonia Livery Company, seek to restrain him from so doing. The affidavits for plaintiffs are to the effect that said contract against defendant accepting employment in any other livery stable in Gastonia, or engaging in the business, was a valuable consideration; that it was made for the company as well as for the benefit of M. G. Anders, who later assigned it to the Gastonia Livery Company.

The restraining order should have been continued to the hearing, especially as damages would be hard to measure. *Jolly v. Brady,* 127 N. C., 142. The contract was a reasonable restraint of trade, and valid. This has been so often held by this Court that we need only refer to some of the cases where the matter has been fully discussed. *Cowan v. Fairbrother,* 118 N. C., 406; *Kramer v. Old,* 119 N. C., 6; *Jolly v. Brady,* 127 N. C., 142; *King v. Fountain* (livery stable), 126 N. C., 197; *Hauser v. Harding, ib.,* 295; *Baker v. Cordon,* 86 N. C., 116.

Such contracts are assignable. *Cowan v. Fairbrother,* 118 N. C., 1. Besides, if the jury should find, in accordance with the plaintiffs' affidavits, that the contract was made for the benefit of the Gastonia Livery Company (as well as for the benefit of

M. G. Anders), the other stockholders, as beneficiaries of such contract, could maintain this action without any assignment thereof, even if M. G. Anders were not a plaintiff herein. *Haun v. Burrell,* 119 N. C., 544, and cases approving that case, cited in the annotated edition. Certainly, if the contract enhanced the value of the ten shares bought by M. G. Anders, it increased the value of all the other shares.

Reversed.