PAUL HILL AND GUS CAMOS v. J. F. DAVENPORT, BLANCHE DAVENPORT, HIS WIFE, AND NICK CARTOS.

(Filed 7 March, 1928.)

### Contracts—Requisites and Validity—Contracts in Restraint of Trade.

A contract for the sale of a cafe or cafeteria, in a town, and the good will of the business for a period of five years does not affect the interest of the public or fall within the terms of our statute so as to prevent unlawful trusts or combinations in restraint of trade. C. S., 2563.

APPEAL by defendant, Cartos, from *Grady, J.,* at January Term, 1928, of PITT. Affirmed.

*J. C. Lanier for appellees.*
*Albion Dunn and Peter R. Hines for appellant.*

ADAMS, J. Mrs. Davenport, the *feme* defendant, owns a building in the town of Greenville, which prior to the beginning of this action had been used as a cafeteria. On 30 July, 1927, she and her husband, a codefendant, executed a written instrument by the terms of which for value they sold to the plaintiffs their good will in the business and agreed neither to lease the building for use as a cafe or cafeteria "nor to permit it to be used by themselves or others as a cafe, cafeteria, or restaurant, or for other eating purposes for a period of five years, beginning 1 August, 1927." On 27 December, 1927, J. F. Davenport undertook to lease the premises to Nick Cartos for a term of five years by a written agreement containing this provision: "This lease is made to the party of the second part with the full understanding that he may engage in and carry on any kind of (legal) business he may desire to engage in with exception of cafe and cafeteria business; that is to say that he may engage in merchandise, groceries, lunch counter, hot dogs, and any and all businesses with the specific exception of the cafe and cafeteria business."

The plaintiffs brought suit to enjoin the defendants from using the building in violation or disregard of the agreement they had made with Mrs. Davenport and her husband, and specifically alleged that Cartos had knowledge of this agreement at the time he made the purported contract with J. F. Davenport. They alleged in addition that each of the defendants is insolvent and unable to respond in damages. A temporary restraining order was issued which was afterwards continued to the hearing for the determination of issues of fact joined upon the pleadings. The appellant excepted and appealed, and he now presents the single question whether the contract between the plaintiffs and Mrs. Davenport and her husband is unenforceable as being contrary to public policy or a combination in restraint of trade.

Chapter 53 of the Consolidated Statutes deals with monopolies and trusts. It declares to be illegal every contract, combination, or conspiracy in restraint of trade or commerce and condemns the several acts particularly defined in section 2563; but in subsection 6 there is a provision which has immediate bearing upon the question raised by the appeal: "Nothing herein shall be construed to prevent a person, firm or corporation from selling his or its business and good will to a competitor, and agreeing in writing not to enter the business in competition with the purchaser in a limited territory, as is now allowed under the common law: *Provided,* such agreement shall not violate the principles of the common law against trusts and shall not violate the provisions of this chapter."

In *Mar-Hof Co. v. Rosenbacker,* 176 N. C., 330, it is said that although at common law agreements in restraint of trade were held void as being against public policy, this position has been modified until it has come to be the generally accepted principle that agreements in partial restraint of trade will be upheld when they are "founded on valuable consideration, are reasonably necessary to protect the interests of the parties in whose favor they are imposed, and do not unduly prejudice the public interest." The agreement in question is to be interpreted in the light of this principle, and so interpreted it is within the class of contracts in which the standard of reason is the measure to be used in determining whether they are forbidden by the law. That is, the business of the promisee will be protected if protection can be given without detriment to the public. "If it be greater than is required for the protection of the promise, the agreement is unreasonable and void. If it is a reasonable limit in time and space, the current of decision is that the agreement is reasonable and will be upheld." *Faust v. Rohr,* 166 N. C., 187. Tested by this standard the assailed contract is not void, but enforceable. *Bradshaw v. Millikin,* 173 N. C., 432; *Sea Food Co. v. Way,* 169 N. C., 679; *Wooten v. Harris,* 153 N. C., 43; *Anders v.*

*Gardner,* 151 N. C., 604; *Hauser v. Harding,* 126 N. C., 295; *Cowan v. Fairbrother,* 118 N. C., 406. The decisions in *Shute v. Shute,* 176 N. C., 462, and in *Culp v. Love,* 127 N. C., 457, rest upon a different principle: in each of these cases the contract contemplated a division of territory from which patronage was to come and to this extent to suppress and stifle competition. The judgment is

Affirmed.