MOSKIN BROTHERS. INC., v. BENJAMIN H. SWARTZBERG ET AL.

(Filed 8 October, 1930.)

1. **Appeal and Error J a—In injunctive proceedings Supreme Court may review evidence and find facts.**

On appeal to the Supreme Court in injunctive proceedings the Court may examine the entire evidence and find the facts upon which it will act, and where in a suit to restrain the violation of a condition in a contract of employment, providing that the employee not engage in a similar business within a restricted area for a definite time after the termination of the employment, the trial court fails to find specifically as to whether the employee voluntarily left the employment, it will be presumed that the court found that the employee did voluntarily leave the employment as the evidence tended to show, or that such a finding was immaterial, and a judgment of the Superior Court reversing a correct judgment of a municipal court upon sustaining findings and conclusions of law will be reversed.

2. **Contracts A f—Finding as to whether defendant voluntarily left plaintiff's employment held immaterial.**

Where, in a suit to enjoin the violation of a condition in a contract of employment providing that the employee should not engage in the same business in competition with the employer in a restricted area for a definite time after the termination of the employment for any reason whatsoever, and the contract provides for the termination of the employment by either party for any reason, the question of whether the employee voluntarily left the employment is immaterial.

3. **Same—A contract in restraint of trade is not void if it is reasonable and does not affect the rights of the public.**

A contract not to engage in a certain business within a reasonable area for a reasonable length of time, which does not affect the interests of the public, will not be declared void as being in unreasonable restraint of trade.

4. **Same—Contract in this case held not to be void as in unreasonable restraint of trade.**

A condition in a contract of employment that the employee should not engage in the same business in competition with the employer after the termination of the employment, to be effective for a period of two years within twelve miles of any one of the employer's stores, is not one in unreasonable restraint of trade against public policy, and in a suit by the employer to restrain the violation of the condition, a judgment permanently restraining the defendant from violating the condition for the period of time stipulated therein upon proper findings and conclusion of law will be affirmed.

5. **Injunctions B c—Breach of valid contract not to engage in certain business may be enjoined upon proper facts.**

Where it is made to appear that the plaintiff will be damaged in an unascertainable amount by the breach by his former employee of a valid

contract not to engage in the same business in competition with the plaintiff within a restricted area for a reasonable time after the termination of the employment, sufficient grounds are shown for the granting of injunctive relief.

Appeal by plaintiff from *Moore, J.,* at October Term, 1929, of Guilford. Reversed.

This is an action to restrain and enjoin the violation by defendant, Benjamin F. Swartzberg, of a restrictive covenant contained in a contract in writing entered into by and between the plaintiff and the said defendant.

The action was begun in the Municipal Court of the city of High Point, N. C., on 17 July, 1929.

Plaintiff is a corporation organized under the laws of the State of New York, and maintains and operates a store in the city of High Point, N. C., in which it sells, at retail, and on credit, ready-to-wear clothing. It sells clothing on the "installment plan," as described in its complaint in this action.

On 30 January, 1928, plaintiff entered into a contract, in writing, with the defendant, Benjamin H. Swartzberg, a citizen of this State and a resident of the city of High Point. By said contract plaintiff employed said defendant as the manager of its store and business in the city of High Point. The said contract contains a paragraph which is in words as follows:

"Eleventh. The parties hereto recognize that the employer's business is based largely on credit information recorded on various customers' lists, statistical data, and other records of the employer, acquired, collected and classified as a result of substantial outlay in money and effort, and systematized by employer in establishing its business in various cities in the United States, and that irreparable damage would result to employer if such lists, records, or information are obtained or used by any other person, firm or corporation, or any competitor of employer, and said employment is obtained and based upon the trust and confidence reposed by employer in the employee with respect to the proper use of such lists, records and information solely for the employer's benefit and said employment affords employee opportunity of access to such confidential records and information concerning employer's business.

"The employee covenants that in the event of the termination of said employment for any reason whatsoever, he will not for a period of two years from the date of such termination (or if any shorter period be provided by law, then for that period) engage in or accept employment from or become affiliated with or connected with, directly or indirectly, or become interested, directly or indirectly, in any way in any business

within the city of High Point, N. C., similar or of a like nature to the business carried on by employer, or in any other city or place wherein employer maintains a store or in which store employee shall have been during his said employment for an aggregate period of one month or more, or within 15 miles of the city of High Point, N. C., or within such distance from any of the places where employer's stores are located in which the employee shall have been as aforesaid.

"The parties hereto recognizing that irreparable injury will result to employer, its business and property in the event of a breach of the covenant herein made by the employee, and that said employment is based primarily upon the covenants and assurances herein made and evidenced, it is agreed that in such event employer shall be entitled, in addition to any other remedies and damages available, to an injunction to restrain the violation thereof by employee, his partners, agents, servants, employers, and employees, and all persons acting for or with him.

"The employee represents and admits that in the event of the termination of his employment for any cause whatsoever, his experiences and capability are such that he can obtain employment in business engaged in other lines and/or of a different nature, and that the enforcement of a remedy by way of injunction will not prevent him from earning a livelihood."

The defendant, Benjamin H. Swartzberg, remained in the employment of the plaintiff, as the manager of its store and business at High Point, N. C., performing his duties as prescribed in the contract of employment, from the date of said contract, to wit, 30 January, 1928, until 14 March, 1929, when said employment terminated. Since leaving the employment of plaintiff, the said defendant has entered into the employment of or has become associated in business with his codefendants. His codefendants are engaged in business in the city of High Point, similar to and of a like nature with the business of the plaintiff. They are competitors of the plaintiff, and operate a store in High Point similar in all essential respects to the store of the plaintiff, and located next door thereto.

The action was heard on 23 July, 1929, on plaintiff's motion that a temporary restraining order theretofore issued therein, be made permanent. From the judgment of said court, restraining and enjoining said defendant from entering into or continuing in the employment of any person, firm or corporation, engaged in a business similar to or of a like nature with the business of the plaintiff, in the city of High Point, or from becoming associated in business with such person, firm or corporation, until after 14 March, 1931, defendant appealed to the Superior Court of Guilford County.

Upon the hearing of said appeal in the Superior Court, the judge presiding therein was of opinion that "the contract signed by the

parties is unequal, and is not a contract for the employment of services involving peculiar skill and training, nor for services involving the exercise of high powers of mind peculiar to the defendant, and that the restraint imposed by the contract is not necessary for the protection of the covenantee, and is oppressive, and that the contract is an unreasonable restraint of trade and contrary to public policy."

In accordance with this opinion, defendant's assignments of error on said appeal were sustained, and the judgment of the municipal court of the city of High Point was reversed. It was ordered and adjudged that the temporary restraining order be and the same was dissolved.

From this judgment plaintiff appealed to the Supreme Court.

*Robinson, Haworth & Reese and Hays, St. John, Abramson & Schulman for plaintiff.*

*Gold, York & McAnally for defendant.*

CONNOR, J. On his appeal from the judgment of the municipal court of the city of High Point to the Superior Court of Guilford County, the defendant, assigned as error the failure of the judge of said municipal court to find and set out in his judgment the facts upon which he based his conclusions of law, in accordance with which his judgment was rendered. This assignment of error was apparently sustained by the judge of the Superior Court, although his judgment reversing the judgment of the municipal court is not founded on his ruling on this assignment of error. There are no findings of fact specifically set out in the judgment of the municipal court, but it is found, as stated therein, that after consideration of the pleadings filed and the affidavits and testimony introduced, the allegations of the complaint are sustained.

There is no controversy between the parties to this action with respect to the essential facts upon which their rights, in law or in equity, are to be determined. The only fact in issue on the pleadings is as to whether the defendant left the employment of the plaintiff, voluntarily, as alleged by the plaintiff, or as to whether he was discharged from said employment by the plaintiff, without just cause, as alleged by the defendant. Under the provisions of the contract this is immaterial. The contract expressly provides that the employment, which was from week to week, may be terminated by either party for any reason whatsoever, and further that the covenant therein, on which plaintiff relies for the relief prayed for in this action, shall be effective in the event of the termination of the employment for any reason whatsoever. While it may be that, notwithstanding these provisions, the defendant has a cause of action against the plaintiff, if, as defendant alleges, he was discharged without just and lawful cause, for the purposes of this action, it is immaterial whether defendant left the employ-

ment of plaintiff voluntarily or not. The circumstances under which defendant left said employment do not appear from his verified answer, from any affidavit filed by him. It does appear from an affidavit ﹍ by plaintiff that defendant voluntarily surrendered the keys to ﹍intiff's store, and thereafter demanded and received payment for his ﹍rvices up to and including the date on which the employment terminated. If a finding of fact upon this phase of the case was material, we would find from all the evidence appearing in the record, that defendant voluntarily left the employment of the plaintiff. In *Tobacco Association v. Battle,* 187 N. C., 260, 121 S. E., 629, it is said that on a hearing of this character, this Court will determine for itself the facts upon which it will act, and for that purpose will examine the entire evidence set out in the record on appeal. In the instant case, it will be assumed that the judge of the municipal court of the city of High Point either found that defendant voluntarily left the employment of plaintiff, as there was evidence tending to show, or was of opinion that it was immaterial, for the purposes of this action, whether he left voluntarily or not. *Davenport v. Board of Education,* 183 N. C., 570, 112 S. E., 246. In either event, it cannot be held that the judgment of the municipal court was erroneous because the judge of said court did not find and specifically set out in his judgment the facts with respect to the circumstances under which defendant left the employment of plaintiff.

The defendant further assigned as error the conclusions of law in accordance with which the judgment of the municipal court of the city of High Point was rendered. The judge of said court was of opinion that the restrictive covenant contained in the contract of employment entered into by and between the plaintiff and the defendant, is valid, for that upon the facts alleged in the complaint and admitted in the answer, the said covenant was not unreasonable in its terms, or with respect to the time during which, or the territory within which, the defendant was thereby prohibited from entering into the employment of or becoming associated in business with a competitor of plaintiff. The judge of the Superior Court, on defendant's appeal from the judgment of the municipal court, sustained this assignment of error, and in accordance with his ruling with respect thereto, reversed the judgment of the municipal court and dissolved the temporary restraining order. In this, plaintiff on its appeal to this Court, contends that there was error, for which the judgment of the Superior Court should be reversed.

It has been uniformly held by this Court, that a restrictive covenant, contained in a contract for the sale of a business, including the good-will of the vendor, and of property, real or personal, used in carrying

on said business, by which the vendor agrees not to enter into competition, directly or indirectly, with the vendee, in the conduct of said business is valid, and enforceable by injunction or otherwise, when the covenant is fair and just in its terms, and the time during which, and the territory within which, the covenant shall be in force, are not unreasonable, in view of the facts and circumstances affecting said business, either in duration or extent. Such covenants, being necessary for the protection of the vendee, and only in partial restraint of trade, are not void, for that they are oppressive or contrary to public policy.

The principles on which decisions to this effect are sustained are discussed and applied in opinions filed in the following cases:

*Hill v. Davenport,* 195 N. C., 271, 141 S. E., 752; *Mar-Hof Co. v. Rosenbacker,* 176 N. C., 330, 97 S. E., 169; *Bradshaw v. Millikin,* 173 N. C., 432, 92 S. E., 161; *Sea Food ·Co. v. Way,* 169 N. C., 679, 86 S. E., 603; *Faust v. Rohr,* 166 N. C., 187, 81 S. E., 1096; *Wooten v. Harris,* 153 N. C., 43; 68 S. E., 898; *Anders v. Gardner,* 151 N. C., 604, 66 S. E., 665; *Disosway v. Edwards,* 134 N. C., 254, 46 S. E., 501; *Shute v. Heath,* 131 N. C., 282, 42 S. E., 704; *Jolly v. Brady,* 127 N. C., 142, 37 S. E., 153; *Hauser v. Harding,* 126 N. C., 295, 35 S. E., 586; *King v. Fountain,* 126 N. C., 196, 35 S. E., 427; *Kramer v. Old,* 199 N. C., 1, 25 S. E., 813; *Cowan v. Fairbrother,* 118 N. C., 406, 24 S. E., 212.

In *Bradshaw v. Millikin, supra, Walker, J.,* approves the test suggested by *Chief Justice Tindall* in *Honer v. Graves,* 7 Bing., 743, by which to determine the validity of the covenant. If its purpose and effect is to provide only for the reasonable protection of the vendee, who has purchased the business, and property of the vendor, in reliance upon the covenant, and is not to oppress the vendor, who has thereby surrendered his right otherwise to engage in business in competition with his vendee, the covenant, as between the vendor and the vendee, is valid. If the time during which, and the territory within which, the vendor is thereby prohibited from engaging in business, in competition with his vendee, is not so long, or so extensive as to interfere with the interests of the public, the covenant is not void, as being contrary to public policy.

In *Sea Food Co. v. Way, supra, Allen, J.,* says: "In the early cases, contracts in restraint of trade were very generally held to be void, as against public policy, upon the ground that they tended to lessen the opportunities of the party restrained to earn a livelihood and to deprive the community of the benefit of competition. 6 R. C. L., 785. The distinction was, however, soon recognized between contracts in general restraint of trade, which were held invalid, and those in partial restraint of trade, which were sustained, if not unreasonable."

In *Scott v. Gillis,* 197 N. C., 223, 148 S. E., 315, the question was presented to this Court, apparently for the first time, whether the principles which were applied in the foregoing cases were applicable to a covenant contained in a contract between an employer and an employee. In that case the employee had covenanted with his employer that he would not for a period of three years after the termination of the employment, solicit business from customers and clients of his employer for whom he had performed services during the term of his employment. There was evidence at the hearing in the court below, tending to show that defendant, the employee, had violated his covenant. A temporary restraining order was continued to the final hearing of the case, and defendant appealed to this Court. We affirmed the judgment continuing the temporary restraining order to the final hearing. *Clarkson, J.,* writing for the Court, says: "The cases usually cited are when the parties, for a consideration, purchased a business and its good-will, in which they covenanted not to engage in the business—the time limit and the territory being reasonable. In the present case, it was an employee who agreed with his employer, if he left the employer, for three years thereafter not to solicit or accept business from his former employer's clients. By his employment he knew and became associated intimately with his employer's clientele, who ordinarily employed his employer. We see no reason why in good conscience a Court of Equity would not enjoin him from a breach of its contract."

In that case, the employee was a certified public accountant. In the instant case, the employee was the manager of the employer's store and business. It is obvious that in the performance of his duties as such manager, the employee acquired an intimate knowledge of his employer's business, and had a personal association with his customers, which, when his employment terminated for any cause, would enable the employee, if employed by a competitor of his employer, to injure the business of the latter. We think the covenant is reasonable in its terms, and not unreasonable in time or territory. Upon the authority of *Scott v. Gillis, supra,* which is in accord with many cases decided in other jurisdictions (see *Deuerling v. City Banking Company,* 155 Md., 280, 141 Atl., 542, 67 A. L. R., 993, and annotation), the judgment of the Superior Court in this case must be reversed. The action is remanded to the Superior Court of Guilford County that judgment may be entered affirming the judgment of the municipal court of the city of High Point.

Reversed.