FINDINGS OF FACT AND CONCLUSIONS OF LAW
LUHRING, J.
This is a bill for an injunction to restrain the violation of a restrictive covenant contained, in a contract in writing entered into by and between the plaintiff and the defendant, Howard H. Ridlebaugh. The bill was filed in this court on the 1st day of October, 1935.
FINDINGS OF FACT
The plaintiff is a corporation duly organized under the laws of the State of New York and at the time hereinafter mentioned was and now is engaged in the business of selling wearing apparel for men and women on the credit system at Number 427 Seventh Street, N. W., in the City of Washington in the District of Columbia. That in the conduct of such business the plaintiff has expended considerable sums of money in creating and establishing the good will of said business, and in acquiring, recording and classifying credit information concerning its various customers and others dealing with it on credit.
On the 27th day of February, 1933, the plaintiff entered into a contract in writing and under seal with the defendant, Howard H. Ridlebaugh, whereby the plaintiff employed the *120 said Ridlebaugh as the manager of its store and business at Number 427 Seventh Street, N. W., in the City of Washintgon, D. C.
That among others, the said contract contained the following provisions:
“The Manager covenants that upon the termination of said employment after it has continued for a period of more than four weeks, he will not for a period of two (2) years from the date of such termination (or if any shorter period be provided by Law, then for that period) engage in or accept employment from or become affiliated with or connected with, directly or indirectly, or become interested, directly or indirectly in any way in any business within the City of Washington, D. C., similar or of a like nature to the business of credit clothing carried on by the Corporation. The parties hereto recognizing that irreparable injury will result to the Corporation, its business and property in the event of a breach of the covenant herein made by the Manager, and that said employment is based primarily upon the covenants and assurances herein made and evidenced, it is agreed that in such event the Corporation shall be entitled, in addition to any other remedies and damages available, to an injunction to restrain the violation thereof by Manager, his partners, agents, servants, employers and employees, and all persons acting for or with him.
“The Manager represents and admits that in the event of the termination of his employment for any cause whatsoever, his experience and capabilities are such that he can obtain employment in business engaged in other lines and/or of a different nature, and that the enforcement of a remedy by way of injunction will not prevent him from earning a livelihood.”
That immediately upon the execution of said contract the defendant Ridlebaugh entered upon his employment as the manager of said store and business. That by virtue of his said employment the defendant had access to the list of plaintiff’s customers and the statistical data, credit information and other records pertaining to the plaintiff’s business, and came into personal contact with, and thus *121 acquainted with plaintiff’s customers and others having business dealings with said store.
That the defendant Ridlebaugh continued his said employment with the plaintiff as the manager of its store and business until the 21st day of January, 1935, on which day the defendant voluntarily resigned and severed his connection with said plaintiff.
That thereafter the defendant accepted employment as a traveling auditor for a concern located in Washington, D. C., known as Moskin’s, and which concern was engaged in the same kind of business as the plaintiff. That said employment as traveling auditor required the defendant to visit the different stores of Moskin’s in approximately twenty cities, and, therefore, in accepting such employment the defendant did not violate any of the covenants contained in the contract with the plaintiff.
That the defendant resigned his employment with Moskin’s, and shortly thereafter in the early part of September, 1935, entered into a contract of employment with Askin’s Retail Stores, Inc., whereby he became the manager of a store owned and operated by said Askin’s Retail Stores, Inc., at Number 737 Seventh Street, N. W., in the City of Washington in the District of Columbia. That the defendant is now and was so employed at' the time of the filing of the bill herein.
The court further finds that Askin’s Retail Stores, Inc., is engaged in the business of selling wearing apparel for men and women on the credit system at Number 737 Seventh Street, N. W., in the City of Washington, D. C. That said business is similar and of a like nature to the business carried on by the plaintiff at its place of business Number 427 Seventh Street in the City of Washington, D. C., and that the duty of the defendant as such manager is in all respects similar to the duty he performed while manager of the plaintiff’s store and business.
*122 The court further finds that said covenant that the defendant will not for a period of two years from the date of his termination of employment with the plaintiff engage in a similar business within the City of Washington, D. C., is reasonable in its terms under the facts and circumstances here disclosed, and not unreasonable' in time or territory.
That by accepting employment from said AsMn’s Retail Stores, Inc., and in engaging in the management of its store in Washington, D. C., the defendant Ridlebaugh violated his said covenant.
The court further finds that the plaintiff will be damaged by this breach of the covenant in an amount which can not be definitely ascertained, and will suffer further and irreparable injury'to its business unless violation of said covenant is enjoined.
CONCLUSIONS
The case here presented is identical with the case of Moskin Bros. v. Swartzberg, 199 N. C. 539. The Supreme Court of North Carolina had under consideration a similar contract, and affirmed the judgment of the Municipal Court of High Point, N. C., restraining and enjoining the defendant from entering into or continuing in the employment of a concern conducting a similar business during the time and within the territory referred to in the covenant. The court at page 545 of the opinion said:
“In the instant case, the employee was the manager of the employer’s store and business. It is obvious that in the performance of his duties as such manager, the employee acquired an intimate knowledge of his employer’s business, and had a personal association with his customers, which, when his employment terminated for any cause, would enable the employee, if employed by a competitor of his employer, to injure the business of the latter. We think the covenant is reasonable in its terms, and not unreasonable in time or territory.”
*123 See, also, Deuerling v. City Baking Co., 155 Md. 280.
The plaintiff is entitled to a permanent injunction restraining the defendant Ridlebaugh from further violation of said covenant.
The bill is dismissed as to the defendant, Askin’s Retail Stores, Inc.
It is so ordered.
Counsel will prepare decree.