JEWEL BOX STORES CORPORATION AND THE JEWEL BOX OF MORGANTON, INC., v. J. ROY MORROW.

(Filed 2 February, 1968.)

**1. Venue § 2—**

The residence of a domestic corporation formed after July 1, 1957, for the purpose of determining venue of an action instituted by it, is the county in which the registered office of the corporation is located. G.S. 1-79.

**2. Contracts § 7—**

A covenant that the seller of a business will not engage in the same business in competition with the purchaser is valid and enforceable (1) if it is reasonably necessary to protect the legitimate interests of the purchaser; (2) if it is reasonable in respect to time and to territory; and (3) if it does not interfere with the public interest. G.S. 75-4, G.S. 75-5(d).

**3. Good Will—**

A person who builds up a business by his skill and industry acquires a property right in the good will of his patrons, and he may sell his right of competition to the full extent of the field from which he derives his profit and for a reasonable length of time.

**4. Contracts § 7—**

The reasonableness of a restraining covenant is a question of law for the court and depends upon the particular circumstances of each case.

**5. Same—**

A covenant by the owner of a jewelry store not to engage in jewelry business competition with the purchaser within 10 miles of the city where the seller's jewelry store is located for a period of 10 years, *held* not void as being unreasonable as to time or territory.

**6. Same—**

Where a person sells a business and agrees not to engage in the same business in the same place, the obvious intention is to sell the good will of the business, and the consideration for the sale of good will may be found in the general consideration for the sale of the business.

**7. Same—**

A contract in restraint of trade must be supported by a consideration, but, unless the contract be a fraud upon the party sought to be restrained or *nudum pactum,* the court will not ordinarily inquire into the adequacy of the consideration, it being sufficient that a legal consideration appear on the face of the contract.

APPEAL by defendant from *Carr, J.,* 8 May 1967 Session of GUILFORD.

Action to enjoin defendant J. Roy Morrow from engaging in the jewelry business in violation of his contract with plaintiff The Jewel Box Stores Corporation not to compete with plaintiff The Jewel Box of Morganton, Inc. The parties waived a jury trial. The essential facts are not in dispute.

Plaintiffs Jewel Box Stores Corporation (Stores) and The Jewel Box of Morganton, Inc. (Jewel Box) are North Carolina corporations. The latter is the wholly-owned subsidiary of the former, and the registered office of each is in Guilford County. The principal place of business of Stores is Greensboro; of Jewel Box, Morganton.

On 29 September 1963, defendant Morrow (Seller) and Stores, as agent for Jewel Box, a corporation to be formed (Buyer), executed a written contract (denominated "Bill of Sale and Agreement") whereby defendant sold his business known as Morrow's Jewelers to Jewel Box for the price of $22,337.90. The purchase price was allocated in the following manner:

| | | |
|---|---|---:|
| "1. | Inventory | $ 5,651.88 |
| 2. | Furniture, fixtures and equipment | 4,961.77 |
| 3. | Accounts receivable | 2,689.25 |
| 4. | Trade name and good will | 25.00 |
| 5. | Lease rights | 10.00 |
| 6. | Improvements to building | 9,000.00 |
| | | $22,337.90" |

Buyer was granted all interest in defendant's trade name, "Morrow's Jewelers, for a period of six (6) months, together with the good will of the business symbolized by said trade name," and granted the right to "advertise the ending of business at Morrow's Jewelers." Paragraph 6 of the contract provided:

"Seller agrees with Buyer and its assignee that he will not directly or indirectly own, manage, operate, control or participate in the ownership, management or control of, lend money to, endorse obligations of, or be connected in any manner as officer, stockholder, employee, partner or otherwise, for a period of ten (10) years from the date hereof, any retail jewelry business, or any business in com-

petition with purchaser, in Morganton, N. C., or within ten (10) miles of Morganton, except with Buyer's prior written consent."

Pursuant to the contract of sale, plaintiffs immediately ran notices in a local newspaper that Stores had purchased the assets of Morrow's Jewelers; that the merchandise of the business would be sold at discount prices; and that Stores was opening a new store. Since January 1964, plaintiffs have not used the name Morrow's Jewelers. At the time defendant sold his jewelry store, there were four competing retail jewelry stores in the City of Morganton, including Morrow's Jewelers (which became Jewel Box). Since September 1964, there have been five competing retail jewelry stores within the City of Morganton.

On 29 September 1963 (and at all times since), the City of Morganton had a population of approximately 9,100 persons. Its trading area extended in a 10-mile radius of the city and contained an additional 25,000 people.

On or about 31 October 1966, defendant, who was operating a gift shop in Morganton directly across the street from Jewel Box, advertised by radio and newspaper that he was selling diamonds, watches, watchbands, wedding rings, birthstone rings, earrings, and other retail jewelry items. He had an inventory of retail jewelry items in the amount of at least $1,800.00 on 29 November 1966.

Plaintiffs instituted this action to restrain defendant, until noon on 29 September 1973, from selling retail jewelry items and from engaging in the jewelry business in Morganton and within 10 miles of its city limits. Accordingly, on 29 November 1966, Judge McConnell signed a temporary restraining order which Judge Olive, on 13 December 1966, continued to the final hearing. Thereafter defendant filed a motion that the cause be removed from Guilford County to Burke County because (1) Stores was not a proper party-plaintiff; (2) the principal office and only place of business of Jewel Box was in Burke County; and (3) the contract, which is the subject of this action, was executed in Burke County, where it was to be performed. This motion for a change of venue was denied by Judge Armstrong on 24 January 1967 upon his finding — not controverted by defendant — that the registered office of each plaintiff is in Guilford County.

Judge Carr heard the case on its merits on 25 May 1967 and, upon the foregoing facts, concluded as a matter of law that (1) considering the nature of the retail jewelry business and the trading area of the Town of Morganton, defendant's covenant not to compete is reasonable both as to time and area and is, therefore, not an unlawful restraint of trade; (2) the covenant is supported by a good and valuable consideration; and (3) defendant's activities in advertising and offering jewelry items for sale constituted a breach of the

covenant. He enjoined defendant from selling retail jewelry items and engaging in the retail jewelry business in Morganton, and within 10 miles thereof, until noon on 29 September 1973.

Defendant excepted to the judgment and appealed.

*Stern, Rendleman & Clark by, David M. Clark and Robert O. Klepfer, Jr., for plaintiff appellees.*

*Simpson & Simpson by Dan R. Simpson for defendant appellant.*

SHARP, J.   This action is for an injunction to restrain the seller of a business from breaching his covenant not to compete with the purchaser. Its venue is the county in which plaintiffs or defendant (or any of them) resided at its commencement, G.S. 1-81. For the purpose of suing and being sued, the residence of a domestic cor-

poration (formed after 1 July 1957 and having a registered office) is the county in which the registered office of the corporation is located. G.S. 1-79. A registered office may be, but need not be, the same as the corporation's place of business. G.S. 55-13. Defendant's first assignment of error is to Judge Armstrong's order denying defendant's motion for a change of venue. This order recites that the registered office of both plaintiffs is in Guilford County. Defendant does not challenge this finding. The action therefore was properly brought and heard in Guilford County. Defendant's first assignment of error is not sustained.

Assignments of error 2-7, based upon corresponding exceptions, are to the failure of the court to construe the written contract between plaintiffs and defendant in accordance with defendant's contentions. Although each purports to challenge a specific finding of fact, assignments 2-7, as well as defendant's remaining assignments 8-12, attack the court's conclusions of law. They raise only the question whether the facts found support the judgment, or whether error of law appears on the face of the record. 1 Strong, N. C. Index, Appeal and Error § 21 (1957).

The appeal poses this question: Is defendant's covenant, made at the time he sold his retail jewelry business to plaintiffs, not to engage in that business in the Town of Morganton and within a radius of 10 miles of its city limits for a period of 10 years from the date of sale, a valid and enforceable contract?

It is the rule today that when one sells a trade or business and, as an incident of the sale, covenants not to engage in the same business in competition with the purchaser, the covenant is valid and enforceable (1) if it is reasonably necessary to protect the legitimate interest of the purchaser; (2) if it is reasonable with respect to both time and territory; and (3) if it does not interfere with the interest

of the public. G.S. 75-4; G.S. 75-5(d); *Buick Co. v. Motors Corp.,* 254 N.C. 117, 126, 118 S.E. 2d 559, 566; *Sineath v. Katzis,* 218 N.C. 740, 12 S.E. 2d 671; *Sea Food Co. v. Way,* 169 N.C. 679, 86 S.E. 603; *Shute v. Heath,* 131 N.C. 281, 42 S.E. 704; *King v. Fountain,* 126 N.C. 196, 35 S.E. 427; *Kramer v. Old,* 119 N.C. 1, 25 S.E. 813; *Cowan v. Fairbrother,* 118 N.C. 406, 24 S.E. 212. *Cf.* the tests which determine the validity of an employee's covenant not to compete with his employer at the termination of their relationship. *Buick Co. v. Motors Corp., supra; Welcome Wagon, Inc. v. Pender,* 255 N.C. 244, 120 S.E. 2d 739; *Kadis v. Britt,* 224 N.C. 154, 29 S.E. 2d 543, 152 A.L.R. 405; *Beam v. Rutledge,* 217 N.C. 670, 9 S.E. 2d 476; 17 C.J.S., Contracts § 247 (1963).

The modern rule permitting the sale of good will recognizes that one who, by his skill and industry, builds up a business, acquires a property right in the good will of his patrons and that this property is not marketable "unless the owner is at liberty to sell his right of competition to the full extent of the field from which he derives his profit and for a reasonable length of time. . . . Where the contract is between individuals or between private corporations, which do not belong to the *quasi*-public class, there is no reason why the general rule that the seller should not be allowed to fix the time for the operation of the restriction so as to command the highest market price for the property he disposes of should apply." *Kramer v. Old, supra* at 8-9, 25 S.E. at 813-14. *Accord, Beam v. Rutledge, supra; Sea Food Co. v. Way, supra; Wooten v. Harris,* 153 N.C. 43, 68 S.E. 898. See Breckenridge, Restraint of Trade in North Carolina, 7 N. C. L. Rev. 249 (1929).

The reasonableness of a restraining covenant is a matter of law for the court to decide. *Shute v. Heath, supra;* 7 N. C. L. Rev. 249, 256. In each instance, the reasonableness of the restraint depends upon the circumstances of the particular case. *Shute v. Shute,* 176 N.C. 462, 97 S.E. 392; *Sea Food Co. v. Way, supra; King v. Fountain, supra;* 17 C.J.S., Contracts § 246 (1963). "A contract, for instance, for a valid consideration not to engage in the manufacture and sale of firearms in general use would be allowed to cover a larger extent of territory than would a contract not to engage in the manufacture of timber or the ginning of cotton." *Shute v. Heath, supra* at 282, 42 S.E. at 704. For comprehensive annotations covering the reasonableness of territorial and time limitations, see respectively 46 A.L.R. 2d 119 (1956) and 45 A.L.R. 2d 77 (1956).

In the cases cited below, this Court has upheld covenants not to compete which accompanied the sale of a trade or business and contained limitations of ten, fifteen, and twenty years, as well as limitations for the life of one of the parties:

*Baumgarten v. Broadway,* 77 N.C. 8 (photographic gallery; no competition within city for 10 years); *Baker v. Cordon,* 86 N.C. 116 (drugstore; no competition in town while purchaser operated business); *Cowan v. Fairbrother,* 118 N.C. 406, 24 S.E. 212 (newspapers; no competition within State for 10 years); *Kramer v. Old,* 119 N.C. 1, 25 S.E. 813 (milling business; no competition in vicinity for lives of sellers); *Disosway v. Edwards,* 134 N.C. 254, 46 S.E. 501 (saloon; no competition in the city for 20 years); *Anders v. Gardner,* 151 N.C. 604, 66 S.E. 665 (livery business; no competition in city during life of seller); *Wooten v. Harris,* 153 N.C. 43, 68 S.E. 898 (mercantile business; no competition in town or environs during buyer's life); *Faust v. Rohr,* 166 N.C. 187, 81 S.E. 1096 (barber shop; no competition in town while purchaser operated business); *Sea Food Co. v. Way,* 169 N.C. 679, 86 S.E. 603 (fish dealership; no competition for 10 years within 100 miles of city); *Sineath v. Katzis,* 218 N.C. 740, 12 S.E. 2d 810 (drycleaning plant; no competition for 15 years in county); *Thompson v. Turner,* 245 N.C. 478, 96 S.E. 2d 263 (wholesale coffee, tea, and specialty business; no competition for life in seller's territory). For the cases from other jurisdictions involving limitations of ten years or more, see Annot: Sale — Covenant as to Competition — Time, 45 A.L.R. 2d 77, 238-291 (1956). See also 7 N. C. L. Rev. 248, 256 (1929); 38 N. C. L. Rev. 395, 396 (1960).

In this case, defendant sold a jewelry store which was a sole proprietorship. A jeweler who has attained the confidence of the public in his integrity and knowledge of gemmology imparts a peculiar value to the good will of his business, and he will take it with him when he leaves the business. The average person is unable to evaluate a precious stone and to judge its genuineness or perfection. When he makes a purchase, he will seek a jeweler of good repute — just as he would in selecting a doctor or a lawyer. As Avery, J., said in *Cowan v. Fairbrother, supra* at 411-12, 24 S.E. at 213: "Neither an editor, a lawyer or a physician can transfer to another his style, his learning or his manners. Either, however, can add to the chances of success and profit of another who embarks in the same business, in the same field, by withdrawing as a competitor. . . . The one sells his prospective patronage and the other buys the right to compete with all others for it and to be protected against competition from his vendor."

The purchaser of a retail jewelry business, operated by an individual, will usually feel that he cannot afford to pay full value for it unless he can obtain from the jeweler who sells it an enforceable restriction from competition until he can build his own good will. It takes time for any newcomer to acquire the confidence of the towns-

people. Individuals and businessmen alike must demonstrate competency, responsibility, and integrity for an appreciable length of time before they acquire general reputations for these attributes. We cannot say that ten years is more time than The Jewel Box needs to be protected from defendant's competition in a small town where individual businessmen are widely and personally known. Although a valid covenant not to compete must be reasonable as to both time and area, these two requirements are not independent and unrelated aspects of the restraint. Each must be considered in determining the reasonableness of the other. Furthermore, neither is conclusive of the validity of the covenant, but both are important factors in settling that question. See Note, 38 N. C. L. Rev. 395 (1960). In situations such as the one we now consider, a longer period of time is justified where the area in which competition is prohibited is relatively small. Certainly an area which encompasses only Morganton and the locality within a radius of 10 miles of its city limits is not unduly restrictive territorially. Furthermore, with four or five jewelry stores in the trading area, the elimination of defendant's competition cannot be deemed detrimental to the public interest.

Defendant's contention that plaintiffs purchased the good will of Morrow's Jewelry for a period of only six months; that only $25.00 was paid for it; and that there was no consideration for his covenant not to compete cannot be sustained. Considering the contract as a whole, the only reasonable and fair construction is that the six months' limitation applied only to plaintiffs' right to use the name Morrow's Jewelers. Along with the business of Morrow's Jewelers, however, defendant sold its good will. The covenant not to compete carried the good will. "Where a person sells a business and in connection therewith agrees not to engage in the same business in the same place, the obvious intention is to sell the good will of the business." 24 Am. Jur. Good Will § 13 (1939). Such a contract requires a consideration, "but the consideration for the sale of good will and the withdrawal from competition may be found in the general consideration for the sale of the business." Id., § 15. Accord, Kramer v. Old, supra. In September 1963, defendant wanted to dispose of his business. It is clear that he could not have sold it for the price he received — if he could have sold it at all — without his covenant not to compete. It was, therefore, a material part of the consideration moving from defendant to his vendee. Having collected the purchase price, good faith and business justice now require him to keep his bargain. The covenant does not prohibit him from selling any merchandise except jewelry items within the prescribed territory; elsewhere, of course, he is entirely unrestricted.

In our opinion, the parties' allocation of $25.00 of the purchase price to good will is not pertinent to the questions posed by this appeal. Defendant makes no contention that the contract of sale lacked a valuable consideration. A contract in restraint of trade, like any other contract, must be supported by a consideration, but, unless the contract be a fraud upon the party sought to be restrained or *nudum pactum*, courts ordinarily will not inquire into the adequacy of the consideration. "It is sufficient that the contract shows on its face a legal and valuable consideration; but whether it is adequate or inadequate to the restraint imposed must be determined by the parties themselves upon their own view of all the circumstances attending the particular transaction." 36 Am. Jur., Monopolies, Combinations, Etc. § 56 (1941).

The judgment of the lower court is
Affirmed.